887 F.2d 265
 1989-2 Trade Cases 68,813
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CELLAR DOOR PRODUCTIONS, INC. OF MICHIGAN, Plaintiff-Appellant,
v.
Rick KAY, Robert Fox, Robert Cavalieri, Charles Forbes,
Michael Illitch, Olympia Stadium Corp., Prophet Productions,
Ltd., Michael Tinik, Vincent Bannon, the Building Group, the
City of Detroit, Olympia Arenas, Inc., Defendants-Appellees.
 Nos. 89-1321, 88-1484.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge.[1]
 PER CURIAM.
 
 
 1
 Appellees moved to dismiss these appeals for lack of jurisdiction because there was not a final judgment disposing of all claims. The motion was referred to the hearing panel.
 
 
 2
 Appellant's complaint consisted of four counts alleging federal antitrust violations and one count, Count V, alleging a pendent state claim of interference with contractual relations against appellee Prophet Productions only. Appellees filed motions for summary judgments all of which were granted on res judicata grounds. Prophet Productions' motion for summary judgment did not address the pendent state claim count. Nor was it addressed during oral argument on the motions. The order granting Prophet's motion for summary judgment recites that it was granted for the reasons stated by the district judge on the record. This statement of reasons does not mention the pendent state claim. No separate judgment dismissing the complaint was entered. Although the parties and the District Court treated the case as if all issues had been disposed of, and indeed the instant motion to dismiss the appeal was not made until after appellant's brief was filed, it nonetheless appears that the appeals are premature. An order disposing of fewer than all claims or parties is nonappealable in the absence of certification as an interlocutory appeal. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978) (per curiam). The motion to dismiss appeal number 88-1321 is therefore granted.[2]
 
 
 3
 The second appeal is from the sanction orders. Their disposition is intimately related to the outcome of the merits of the appeals. It would thus appear appropriate to hear them with the appeal on the merits.
 
 
 4
 The remaining count is a pendent state claim. Appellant has consented to dismiss this count without prejudice. Appellees insist on a dismissal with prejudice. Having determined the antitrust count, the District Court may well wish to exercise its discretion to dismiss the pendent state claim under United Mine Workers v. Gibbs, 383 U.S. 715, 727 (1966) (a federal court should not pass on a state claim when the federal claim is dismissed before trial). Although the District Court has devoted a considerable amount of time on the antitrust issues, it does not appear that there would be judicial economy in it hearing the pendent claim. Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit, 738 F.2d 163 (6th Cir.1984). If the pendent count is dismissed and appellant appeals, the case will be decided by this panel on the briefs now filed and the oral arguments presented on September 25, 1989.
 
 
 
 [1]
 Honorable Thomas A. Wiseman, Jr., Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation
 
 
 [2]
 We are unable to ascertain from the record before us whether the state law claim arises from a common nucleus of operative facts